# EXHIBIT "A"

COPY

OSTROFF LAW, PC
By: Ryan F. Michaleski, Esquire
Attorney ID No.: 203923
518 E. Township Lane, Suite 100
Blue Bell, PA 19422
(610)279-7000

Filed and Attested by the
Office of Judicial Records
22 FEB 2021 11:20 am
M. RUSSO

Attorney for Plaintiffs

| | |
|---|---|
| KEM EVAN BEATY and<br>CHERYL E. BEATY, (h/w)<br><br>　　　　　　　Plaintiff<br>　vs.<br><br>THE DIAL COPORATION d/b/a HENKEL<br>NORTH AMERICAN CONSUMER GOODS<br>c/o Corporation Service Company PA Dauphin<br><br>　　and<br><br>HENKEL CORPORATION formerly known as<br>HENKEL US OPERATIONS CORPORATION<br>c/o Corporation Service Company PA Dauphin<br><br>　　and<br><br>HENKEL SPINCO LLC.<br>　　　　　　　Defendants. | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br>CIVIL ACTION - LAW<br>NO. 210101566 |

### Praecipe to Reinstate Complaint

TO THE PROTHONOTARY:

Please reinstate the attached Complaint regarding above-captioned matter.

　　　　　　　　　　　　　　　　　　OSTROFF INJURY LAW, PC

　　　　　　　　　　　　　　　　　　By: _____
Date: 2/22/2021　　　　　　　　　　　　Ryan F. Michaleski, Esquire

Case ID: 210101566

COPY

Filed and Attested by the
Office of Judicial Records
25 FEB 2021 11:20 am
M. RUSSO

| | |
|---|---|
| OSTROFF LAW, PC<br>By:  Ryan F. Michaleski, Esquire<br>Attorney ID No.: 203923<br>518 E. Township Lane, Suite 100<br>Blue Bell, PA 19422<br>(610)279-7000 | Attorney for Plaintiffs |

| | | |
|---|---|---|
| KEM EVAN BEATY and<br>CHERYL E. BEATY, (h/w)<br>4900 NW 58th Place<br>Jennings, FL 32053,<br>                          Plaintiff<br>                vs.<br><br>THE DIAL COPORATION d/b/a  HENKEL<br>NORTH AMERICAN CONSUMER  GOODS<br>c/o Corporation Service Company PA Dauphin<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110,<br><br>       and<br><br>HENKEL CORPORATION formerly known as<br>HENKEL US OPERATIONS CORPORATION<br>c/o Corporation Service Company PA Dauphin<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110,<br><br>       and<br><br>HENKEL SPINCO LLC.<br>1 Henkel Way<br>Rocky Hill, CT. 06067,<br>                          Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br><br>No. |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Case ID: 210101566

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197
AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 210101566



OSTROFF LAW, PC
By: Ryan F. Michaleski, Esquire
Attorney ID No.: 203923
518 E. Township Lane, Suite 100
Blue Bell, PA 19422
(610)279-7000

Attorney for Plaintiffs

| | |
|---|---|
| KEM EVAN BEATY and<br>CHERYL E. BEATY, (h/w)<br>4900 NW 58th Place<br>Jennings, FL 32053,<br>　　　　　　　Plaintiff<br>vs.<br><br>THE DIAL COPORATION d/b/a HENKEL<br>NORTH AMERICAN CONSUMER GOODS<br>c/o Corporation Service Company PA Dauphin<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110,<br><br>and<br><br>HENKEL CORPORATION formerly known as<br>HENKEL US OPERATIONS CORPORATION<br>c/o Corporation Service Company PA Dauphin<br>2595 Interstate Drive, #103<br>Harrisburg, PA 17110,<br><br>and<br><br>HENKEL SPINCO LLC.<br>1 Henkel Way<br>Rocky Hill, CT. 06067,<br>　　　　　　　Defendants. | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br><br>CIVIL ACTION - LAW<br><br>No. |

<u>**Civil Action Complaint**</u>

1. Plaintiff, Kem Evan Beaty, (hereinafter referred to as "Plaintiff") is an adult individual who resides at the above referenced address.

2. Plaintiff, Cheryl E. Beaty, (hereinafter referred to as "Plaintiff Wife"), is an adult individual who resides at the above referenced address.

Case ID: 210101566

3. At all relevant times, Plaintiff, Kem Evan Beaty and Plaintiff, Cheryl E. Beaty, (hereinafter collectively referred to as "Plaintiffs") were and continue to be legally married.

4. Defendant, The Dial Corporation d/b/a Henkel North American Consumer Goods (hereinafter referred to as "Defendant Dial") is foreign corporation with a registered office at the above referenced address located in Dauphin County, Pennsylvania.

5. Upon information and belief, at all times material hereto, Defendant Dial regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania.

6. Defendant, Henkel Corporation, formerly known as Henkel US Operations Corporation (hereinafter referred to as "Defendant Henkel") is foreign corporation with a registered office at the above referenced address located in Dauphin County, Pennsylvania.

7. Upon information and belief, at all times material hereto, Defendant Henkel regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania.

8. Defendant, Henkel Spinco LLC (hereinafter referred to as "Defendant Spinco" and referred to collectively with Defendant Dial and Defendant Henkel as "Defendants") is foreign limited liability corporation with a home office at the above referenced address located in Hartford County, Connecticut.

9. Upon information and belief, at all times material hereto, Defendant Spinco regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania,

10. Upon information and belief, at all relevant times, Defendant Spinco was the registered owner of 125 Jaycee Drive, West Hazelton, Luzerne County, Pennsylvania 18202.

11. Upon information and belief, at all times material hereto, Defendants, individually, jointly, and/or severally, directly and/or by and through their agents, ostensible agents, employees and/or servants, owned, possessed, managed, constructed, designed, maintained and controlled a facility located at 125 Jaycee Drive, West Hazelton, Luzerne County, Pennsylvania 18202 (hereinafter referred to as the "Premises") including, but not limited to, the Premises' sidewalks, walkways, pathways, grounds, parking lots, communal entrance ways/walkways, exits and loading docks.

12. Upon information and belief, at all times relevant hereto, Defendants, individually, jointly, and/or severally, acted and/or failed to act directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, in the possession, management, modification, design, maintenance, and/or control of the Premises including its paved surfaces, sidewalks, walkways, pathways, grounds, parking lots, including snow and ice removal on the Premises' paved surfaces, parking lot, parking spaces, walkways, driving lanes, and loading docks.

13. On or about January 21, 2020, Plaintiff, with a purpose related to Defendants' business, drove onto the Premises in a tractor truck (hereinafter referred to as "Plaintiff's vehicle") to pick up a load from Defendants' facility to transport in Plaintiffs' vehicle.

14. Upon entry onto the Premises, Plaintiff was directed by Defendants' duly authorized agent, ostensible agent, workman, employee, servant and/or borrowed servant, acting in the course and scope of such relationship, as to the specific location Plaintiff should park Plaintiff's vehicle.

15. At the aforesaid time and location, after Plaintiff parked his tractor trailer, Plaintiff exited Plaintiff's vehicle to tend to his trailer, as instructed by Defendants' duly authorized agent,

ostensible agent, workman, employee, servant and/or borrowed servant, acting in the course and scope of such relationship.

16. At the aforesaid time and location, after tending to his trailer per the given instructions, Plaintiff carefully and with all due caution, walked along side of his tractor trailer to return to the cab, when he slipped on a layer of ice and snow and fell forcefully to the ground, sustaining personal injuries as described hereinafter.

17. At all times material hereto, Plaintiff was a business invitee on the Premises and was owed the highest duty of care by the Defendants.

18. At the aforesaid time and location, the section of the parking lot on which Plaintiff slipped was the only available path in the designated parking space, to walk from and to the cab of Plaintiff's vehicle.

19. At the aforesaid time and location, the section of the parking lot on which Plaintiff slipped had a layer of artificially created, untreated, ice.

20. At the time of Plaintiff's fall and for a long and excessive time prior thereto, the Premises was negligently and carelessly possessed, managed, modified, constructed, designed, controlled and/or maintained by the Defendants, individually, jointly and/or severally, directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, so as to allow untreated and remediated snow and ice to remain on the ground in a common area meant for business invitee use.

21. At the aforesaid time and place, the layer of snow and untreated ice constituted unreasonably dangerous conditions of the Premises, caused by Defendants' individual, joint and/or several negligence and carelessness.

22. The dangerous snow and untreated ice conditions in the parking lot constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff.

23. Upon information and belief, up to and including the time of this incident and for a sufficient period of time before this Incident, Defendants, individually, jointly and/or severally, by and through their agents, ostensible agents, employees and/or subcontractors had actual and/or constructive notice of dangerous snow and ice conditions in the parking lot designated for business invitee use and to which Defendants directed Plaintiff.

24. At all times material hereto, Plaintiff exercised due care and caution for his safety and in no way contributed to his fall or his resulting injuries.

25. Defendants' individual, joint and/or several negligence and carelessness, the resulting dangerous condition of the Premises, and Defendants' instruction for Plaintiff to park in the aforesaid parking space, were the direct and proximate cause of Plaintiff's fall and resulting injuries.

26. As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, and Plaintiff's subsequent fall, Plaintiff suffered and/or may continue to suffer physical injuries, including a rotator cuff tear, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

27. As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

28. As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of his injuries.

29. As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, avocations and/or hobbies.

30. As direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of his earning capacity.

31. As direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has incurred subrogation liens, including workers compensation, health insurance and/or disability insurance liens.

32. Plaintiff has been and/or in the future will be liable for a substantial worker's compensation lien.

33. As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

## COUNT I-NEGLIGENCE
### Kem Evan Beaty
### v.
### The Dial Corporation d/b/a Henkel North American Consumer Goods

Case ID: 210101566

34. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35. The individual, joint and/or several negligence and carelessness of Defendant Dial, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, consisted of the following:

    a. creating a dangerous condition, about which they knew and/or should have known;

    b. permitting the dangerous condition to exist on the Premises for an excessive period of time;

    c. failing to regularly and/or properly inspect the Premises for such dangerous conditions;

    d. failing to warn Plaintiff of the dangerous condition;

    e. directing Plaintiff to park in a parking space surrounded by and containing dangerous conditions of snow and untreated ice;

    f. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

    g. creating and/or permitting a dangerous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

    h. failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

    i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

    j. violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

    k. violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

    l. violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior

      walkways be maintained so as to provide safe walking conditions;

m. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

n. placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally and specifically against Defendant The Dial Corporation d/b/a Henkel North American Consumer Goods, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

## COUNT II-NEGLIGENCE
### Kem Evan Beaty
### v.
### Henkel Corporation formerly known as Henkel US Operations Corporation

36. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

37. The individual, joint and/or several negligence and carelessness of Defendant Henkel, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, consisted of the following:

a. creating a dangerous condition, about which they knew and/or should have known;

b. permitting the dangerous condition to exist on the Premises for an excessive period of time;

c. failing to regularly and/or properly inspect the Premises for such dangerous conditions;

d. failing to warn Plaintiff of the dangerous condition;

e. directing Plaintiff to park in a parking space surrounded by and containing dangerous conditions of unplowed accumulated snow and a thick layer of untreated ice;

f. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

g. creating and/or permitting a dangerous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

h. failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

j. violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

k. violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

l. violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior walkways be maintained so as to provide safe walking conditions;

m. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

n. placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally and specifically against Henkel Corporation, formerly known as Henkel US Operations Corporation in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

Case ID: 210101156

## COUNT III-NEGLIGENCE
### Kem Evan Beaty v. Henkel Spinco LLC.

38. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

39. The individual, joint and/or several negligence and carelessness of Defendant Spinco, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, consisted of the following:

    a. creating a dangerous condition, about which it knew and/or should have known;

    b. permitting the dangerous condition to exist on the Premises for an excessive period of time;

    c. failing to regularly and/or properly inspect the Premises for such dangerous conditions;

    d. failing to warn Plaintiff of the dangerous condition;

    e. directing Plaintiff to park in a parking space surrounded by and containing dangerous conditions of unplowed accumulated snow and a thick layer of untreated ice;

    f. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

    g. creating and/or permitting a dangerous accumulation of snow and/or ice in an area intended for use by business invitees such as Plaintiff;

    h. failing to properly treat the Premises for snow and/or ice and adequately clear the parking lot area of snow and/or ice;

    i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by business invitees such as Plaintiff;

    j. violating Property Maintenance Code 302.5 Site Hazard: proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

    k. violating the Standard Practice for Safe Walking Surfaces 5.1.3: requiring walkway surfaces be slip resistant under expected environmental conditions and use;

l.  violating the Standard Practice for Safe Walking Surfaces 5.7.1: requiring exterior walkways be maintained so as to provide safe walking conditions;

m.  hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to perform snow and/or ice removal upon the Premises who were not qualified to do so in a safe and adequate manner; and

n.  placing Defendant's pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly and/or severally and specifically against Defendant, Henkel Spinco LLC. in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages and such further relief as this Court may deem appropriate.

## COUNT IV-LOSS OF CONSORTIUM
### Cheryl E. Beaty v. All Defendants

40. Plaintiff Wife incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

41. At all times relevant hereto, Plaintiff Wife was lawfully married to Plaintiff and remains so.

42. As a direct and proximate result of the individual, joint and/or several negligence, and carelessness of Defendants, and Plaintiff's resulting injuries, as set forth above, Plaintiff Wife suffered and may in the future continue to suffer the loss of her spouse's financial assistance, household assistance, companionship, affection and comfort of her spouse.

43. As a direct and proximate result of the individual, joint and/or several negligence, and carelessness of Defendants, and Plaintiff's resulting injuries, as set forth above, Plaintiff Wife has expended and may in the future expend specific time, care and/or treatment of her spouse.

Case ID: 210101561

**WHEREFORE**, Plaintiff Wife demands judgment in her favor and individually, jointly and/or severally specifically against Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages and such further relief as this Court may deem appropriate.

                                                OSTROFF INJURY LAW, PC

Date: 1/25/2021                    By: _____
                                                  Ryan F. Michaleski, Esquire
                                                  Attorney for Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking his verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Cheryl E. Beaty
Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking his verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Kem Evan Beaty*
Kem Evan Beaty
Plaintiff

Case ID: 210101566

RECEIVED

2021 FEB 26  PM 12: 44

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101